IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHN WESLEY PHILLIPS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Case No. CIV-06-1414-M** |
| ) | |
| **DAVID C. MILLER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). As required by Rule 4 of the Rules Governing Section 2254 Cases, the amended petition [Doc. No. 14] has been promptly examined and for the reasons set forth herein, it is recommended that the petition be dismissed because Petitioner does not satisfy the "in custody" requirement of § 2254 applications.

Petitioner is currently serving an 80 year sentence for a rape conviction in Case No. CF-2001-566, District Court of Kay County.[1] However, in this action, he purports to challenge his conviction in Case No. CF-1999-608, District Court of Kay County. Amended Petition at 1.[2] Petitioner entered a plea of guilty on May 8, 2000, to domestic assault and battery and was sentenced on August 7, 2000, to a two year term of imprisonment. *Id.* Petitioner did not appeal his conviction or sentence in CF-1999-608.

---

[1]*See* Oklahoma Department of Corrections, at http://www.doc.state.ok.us/ (offender information for John W. Phillips, DOC# 228124).

[2]The undersigned has referred to the handwritten page numbers found on the bottom of each page rather than the pre-printed page numbers in the upper right corner of each page.

...

*Id.* at 2. According to Petitioner, on February 7, 2006, he filed an application for post-conviction relief in the state district court, seeking an appeal out of time. *Id.* at 3. The district court docket shows that Petitioner's application was denied on March 16, 2006.[3] *See* Oklahoma District Court Records, Kay County District Court, Case No. CF-1999-608, at http://www.odcr.com (accessed March 19, 2007). Petitioner appealed and the Oklahoma Court of Criminal Appeals affirmed the district court's denial on July 7, 2006. *See* Oklahoma State Court Network, Oklahoma Court of Criminal Appeals, Case No. PC-2006-414, at http://www.oscn.net (accessed March 19, 2007).

Petitioner raises six grounds for relief: (1) he was not fully informed of his appeal rights and he did not waive his right to appeal on the record; (2) his conviction cannot be used as a basis for enhancement for future convictions unless it can be shown that he appealed his conviction or knowingly waived the right to appeal; (3) trial counsel was ineffective for failing to fully advise Petitioner of his appeal rights and failing to perfect a timely appeal; (4) the doctrine of laches should not be used in his case; (5) his plea of guilty was not voluntary because the trial court failed to advise Petitioner regarding the consequences of his plea for purposes of future sentence enhancement; and (6) he did not waive this Court's consideration of these issues by failing to appeal his conviction.

Discussion

Under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, federal district courts are granted the authority to review habeas petitions filed

---

[3]Petitioner has not attached any supporting documentation to his petition regarding his post-conviction proceeding because he contends that a Lawton Correctional Facility employee lost documents relating to his pursuit of post-conviction relief in the Oklahoma state courts. Petition at 6-14.

by state prisoners and to dismiss those petitions which, on their face, show that the petitioners are not entitled to relief. Section 2254 states the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to a judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" language of § 2254 is jurisdictional and requires habeas petitioners to be "in custody" under the conviction or sentence under attack when they file the petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "[O]nce a prisoner's sentence expires, he is no longer "in custody" under that conviction sufficient for the court to exercise jurisdiction to hear a habeas petition under § 2254." *Maleng*, 490 U.S. at 492. In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 394-95 (2001), the Supreme Court held that while a petitioner cannot bring a federal habeas challenge directed solely to convictions which have expired, where the petition can be construed as asserting a challenge to the sentence petitioner is currently serving as enhanced by the allegedly invalid, expired convictions, the "in custody" requirement is satisfied. *Id. (*citing *Maleng v. Cook*, 490 U.S. at 493).[4]

---

[4]Although the Supreme Court held that a prisoner serving a current sentence enhanced by a prior expired sentence satisfies the "in custody" requirement, the Court stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County District Attorney v. Coss*, 532 U.S. at 403-04 (2001) (citation omitted). The only exceptions exist when: 1) counsel is not appointed in violation of the Sixth Amendment; or 2) no channel of review is available through no fault of the petitioner. *Id.* at 404-05.

(continued...)

Petitioner identifies his conviction in Case No. CF-1999-608 in the District Court of Kay County, Oklahoma, as the conviction he is challenging.  Petition at 1, 3, 5-14.  It is clear from the relevant dates set out in the petition that Petitioner has served the sentence he received in the conviction under attack, so that he was not in custody pursuant to the judgment in Case No. CF-1999-608 at the time he filed the petition.[5]  Thus, with respect to Petitioner's challenges to his conviction in Case No. CF-1999-608, this Court does not have jurisdiction over Petitioner's federal habeas petition.

However, the Tenth Circuit has indicated that federal court jurisdiction may attach when a pro se habeas petition, construed liberally, can be read as asserting a challenge to a current sentence, as enhanced by an allegedly invalid prior conviction.  *Carthen v. Workman*, No. 04-6205, 2005 WL 226250, at *2 (10th Cir. Feb. 1, 2005) (unpublished).  In such circumstances, "the petitioner's current incarceration satisfies the 'in custody' requirement and jurisdiction attaches even when the petitioner has identified the expired conviction as the one under attack."  *Id.*  For the reasons set forth hereafter, the undersigned finds that the instant petition, even when construed with the deference to which pro se litigants are entitled, should not be recharacterized as a challenge to the sentence Petitioner is currently serving for his rape conviction in Case No. CF-2001-566.

---

[4](...continued)

[5]The official website of the Oklahoma Department of Corrections (DOC) reflects that since 2003 Petitioner has been serving an eighty year sentence for his conviction of first degree rape in Case No. CF-2001-566, District Court of Kay County.  *See* Oklahoma Department of Corrections, at http://www.doc.state.ok.us/ (offender information for John W. Phillips, DOC# 228124).

Petitioner has made it clear that he is challenging only the domestic assault and battery conviction; his arguments only address the validity of that conviction and sentence. The only reference to a current or future sentence appears in Petitioner's response to a question on the habeas form inquiring about the existence of a "future sentence to serve after you complete the sentence for the judgment that you are challenging[.]" Petition at 16, ¶17. In addition, taking judicial notice of this Court's own records, the undersigned finds that Petitioner filed a previous habeas action pursuant to 28 U.S. C. § 2254 challenging his rape conviction. In that action, Petitioner argued in part that his punishment for the rape conviction was invalid because it was enhanced by two unconstitutional prior convictions – the domestic assault and battery conviction in Case No. CF-1999-608 and a conviction for driving under the influence (DUI) in Case No. CF-1994-54 (both Kay County convictions).[6] *See Phillips v. Miller*, Case No. CIV-05-1296-M, Report and Recommendation at 20-22 (W.D. Okla. April 19, 2006) (unpublished). In that case, the Magistrate Judge found that Petitioner's attack on the validity of these two prior expired convictions should be liberally construed as a challenge to his rape conviction as enhanced by the allegedly invalid prior convictions, thus satisfying the "in custody" requirement for such a challenge. *Id.* at 21. However, it was recommended that habeas relief be denied because he failed to bring such claim within one of the exceptions enunciated by the Supreme Court in *Lackawanna County District Attorney v. Coss*, *supra*,

---

[6]On the same date Petitioner filed this action seeking § 2254 relief from his domestic assault and battery conviction, he filed a separate action seeking § 2254 relief from his DUI conviction. *Phillips v. Miller*, Case No. CIV-06-1418. On February 26, 2007, a Report and Recommendation was entered in that case, recommending that the petition be dismissed for lack of jurisdiction, *id.*, Doc. No. 16, and that case remains pending.

as a basis for challenging an expired conviction. *Id.* at 22. By order dated August 8, 2006, Judge Miles-LaGrange adopted the Report and Recommendation and denied the petition. *Phillips v. Miller*, Case No. CIV-05-1296-M, Order [Doc. No. 26]. An appeal from the Court's order denying habeas relief is currently pending before the Tenth Circuit of Appeals. *See id.* [Doc. Nos. 28-33]; *see also* Tenth Circuit Case No. 06-6292, Docket. Thus, if this action were construed as a challenge to Petitioner's previously challenged current conviction, such action would be considered second and successive.[7]

Before a state prisoner may file a second or successive § 2254 petition in the district court, he must successfully apply to the court of appeals for an order authorizing the district court to consider such petition. 28 U.S.C. § 2244(b)(3).[8] If this action were construed as a § 2254 action challenging Petitioner's current rape conviction as improperly enhanced, this Court would be without jurisdiction to consider Plaintiff's

---

[7]In an unreported decision, the Tenth Circuit treated a subsequently filed action as second or successive when a prior action challenging the same conviction remained pending in the district court. *Cagle v. Champion*, No. 97-7145, 1998 WL 670209, at *1 (10th Cir. Sept. 22, 1998) (unpublished) ("Because Mr. Cagle's petition was a successive petition involving the same conviction that was the subject of another, already-pending petition in the district court, the district court correctly dismissed the second petition ."); *see also Burdick v. Klinger,* No. 98-6251 (10th Cir. May 21, 1999) (unpublished) (denying implied application for leave to file successive § 2254 habeas petition which had been transferred to Tenth Circuit as successive because two other habeas petitions were pending before the district court at the time the one at issue had been filed). The Tenth Circuit has also required the district court to transfer a successive request for habeas relief even though the disposition of the prior request was still pending on appeal. *United States v. Coleman*, No. 96-5142, 1997 WL 608762, at *1 (10th Cir. Oct. 3, 1997) (unpublished); *see also United States v. Arias-Santos*, No. 96-1552, 1997 WL 452246, at *1 (10th Cir. Aug. 8, 1997) (unpublished) (district court lacked jurisdiction to entertain second § 2255 motion while earlier § 2255 motion was still pending on appeal).

[8]Section 2244 also imposes the following requirements on filing second or successive petitions: "First, any claim that has already been adjudicated in a previous petition must be dismissed," *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (citing § 2244(b)(1)); "[s]econd, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence," *id.* at 530 (citing § 2244( b)(2)); and, "[t]hird, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions," *id.* (citing § 2244(b)(3)).

second or successive habeas action because Petitioner makes no showing that he has received the required prior authorization. *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998) (where the petitioner failed to obtain the authorization required under § 2244(b)(3)(A), "the district court lacked jurisdiction to decide his unauthorized second petition"). Under these circumstances, the Court should decline to construe the instant habeas petition as a challenge to a current conviction as enhanced by the domestic assault and battery conviction.

As set forth above, this Court lacks jurisdiction to consider Petitioner's § 2254 petition challenging his expired conviction and sentence for domestic assault and battery in Case No. CF-1999-608, and the petition should be dismissed. *Maleng*, 490 U.S. at 492.

### **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be dismissed upon filing for lack of jurisdiction. In light of this recommendation, it is further recommended that Petitioner's "Application for Extension of Time to File Supplemental Pleadings And Or Amend Pleadings" [Doc. No. 15] be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 19th day of April, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v.*

*United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of March, 2007.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE